## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SINGLE SOURCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 1201 |
| | ) | |
| ARLIS HARVEY and | ) | |
| FOOD MARKETING CONCEPTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Arlis Harvey's ("Harvey") and Defendant Food Marketing Concepts, Inc.'s ("FMC") motions in limine. For the reasons stated below, we grant in part and deny in part the motions in limine.

## BACKGROUND

Plaintiff Single Source, Inc. ("SSI") alleges that in 1998 it hired Harvey to assist SSI in the expansion of its business and customer base in Texas and other areas. In 2000, Harvey was allegedly promoted to a Sales Director position and Harvey executed a confidentiality agreement ("Agreement"). SSI contends that Harvey promised in the Agreement to keep confidential all of SSI's trade secrets and to use them solely for the benefit of SSI.

1

Harvey allegedly became disgruntled in 2005, because another salesman was making more money than Harvey. Beginning in late 2005, Harvey, while continuing to work for SSI, allegedly assisted in the formation and outfitting of FMC. While assisting in the formation of FMC, Harvey also allegedly referred customers of SSI to FMC, solicited sales for FMC from SSI's customers, and used his SSI expense account to pursue customers for FMC. Harvey also allegedly used trade secret information obtained from SSI when assisting in the formation of FMC. In addition, Harvey allegedly disparaged SSI when speaking to customers of SSI, allegedly causing the customers to give their business to FMC. SSI brought the instant action and includes in its second amended complaint a breach of fiduciary duty claim brought against Harvey (Count I), and tortious interference with prospective economic advantage claims brought against Harvey and FMC (Count II). Defendants moved for summary judgment on all claims and we denied the motion. Defendants have now filed motions in limine.

**DISCUSSION**

I. Sales from Food Marketing Concepts, LLC

Defendants move to bar evidence relating to sales from Food Marketing Concepts, LLC ("FMC LLC"). Defendants argue that SSI alleges only that Defendants are subject to liability due to sales from FMC to Mid-America Services ("Mid-America"). Defendants contend that FMC LLC is a separate legal entity from FMC, and move to bar any evidence relating to FMC LLC since it is not a party in

this action. While SSI contends that sales from FMC are relevant, SSI does not contest Defendants' assertion that FMC LLC is a separate legal entity and SSI has not shown that sales relating to FMC LLC would be relevant. Therefore, we grant Defendants' motion to bar evidence relating to sales from FMC LLC.

## II. Bankruptcy of Gary Schwartz

Defendants argue that the court should exclude evidence that Gary Schwartz ("Schwartz"), one of the owners of FMC, previously filed for bankruptcy. Defendants contend that such evidence is irrelevant and overly prejudicial. However, SSI provides a valid basis for the introduction of such evidence. SSI contends that it will introduce such evidence if Defendants open the door by arguing that Schwartz was an individual with substantial expertise, and prior success in the correctional food service industry. Defendants have not shown that the admission of evidence relating to Schwartz's bankruptcy would be overly prejudicial. Therefore, we deny Defendants' motion to bar evidence relating to Schwartz's prior bankruptcy in the event that the Defendants open the door. Defendants also raise potential objections in their reply brief to certain evidence relating to Mid America's and Mid-States Services' ("Mid-States") reliance on Schwartz's expertise. However, such objections are improperly raised in a reply brief and therefore are denied.

## III. Usage of Another Company's Baking Mixes

Defendants move to bar evidence that would show that Schwartz was

previously accused of using another company's bake mixes. Defendants argue that such evidence is hearsay, irrelevant, would be overly prejudicial, and would be inadmissible under Federal Rule of Evidence 404(b). However, SSI has pointed to a valid basis to introduce such evidence. For example, SSI had indicated that it intends to introduce such evidence to prove that Schwartz had little or no ability to generate business on behalf of FMC because his reputation in the industry was badly tarnished. Defendants have not shown such evidence to be overly prejudicial. To the extent that Defendants may believe any specific portion of the evidence is hearsay, such objections can properly be raised at trial. Therefore, we deny Defendants' motion to bar evidence that would show that Schwartz was previously accused of using another company's bake mixes.

IV.  Failure to Produce Evidence During Discovery

Defendants move to bar any evidence indicating that Defendants failed to produce some evidence during discovery. SSI opposes the motion, arguing that "the fact that the defendants failed to produce the records relating to FMC's early business activities is circumstantial proof that those activities were neither innocent nor insubstantial, as the defendants claim." (Ans. 6). While it is true that at trial FMC can argue that Defendants' case is weak due to the lack of evidence that Defendants have presented at trial, that is a separate issue from production during discovery. If SSI believed that it was not provided needed discovery it should have filed a proper and timely motion to compel during the discovery period. Therefore,

4

we grant Defendants' motion to bar any evidence indicating that Defendants failed to produce some evidence during discovery. We note that in response to Defendants' motion, SSI also indicates that the court should consider giving a "missing evidence" instruction. (Ans. 7). However, a response to a motion is not a proper document in which to seek such relief and the request is denied.

V. Thematic Clips

Defendants move to bar SSI from introducing evidence in the form of thematic clips. Defendants argue that such evidence will impair the jury's ability to weigh the credibility of individual witnesses. SSI concedes that it does not intend to use thematic clips during the evidentiary portion of the trial. (Ans. 7). SSI solely intends to use such thematic clips during closing arguments to point to certain portions of the evidence that they introduced at trial. Defendants have requested that SSI disclose the thematic clips to Defendants in advance so that Defendants have an opportunity to present their arguments during closing. Therefore, we deny as moot Defendants' motion to bar SSI from introducing evidence in the form of thematic clips.

VI. Salaries of Harvey, Witnesses, and Employees

Defendants move to bar evidence relating to the salaries of Harvey, FMC employees, and Defendants' witnesses. SSI argues that such evidence is admissible to show damages and to show bias by witnesses. Defendants agree in their reply brief to not object to the admission of such evidence as long as Defendants are able

to likewise present evidence concerning the salaries of SSI's witnesses.  (Reply 6).

Therefore, we deny Defendants' motion to bar evidence relating to the salaries of

Harvey, FMC employees, and Defendants' witnesses, but Defendants will likewise

be able to present such evidence relating to SSI's witnesses.

## VII.  GEO Group

Defendants move to bar evidence of damages from sales to GEO Group

("GEO") and to bar evidence that Harvey or FMC solicited GEO while working for

SSI.  Defendants contend that there can be no damages since SSI's own records

show that sales to GEO actually increased after Harvey left SSI instead of

decreasing.  SSI  has not argued that the sales to GEO are relevant for a damages

determination.  However, SSI correctly points out that evidence regarding FMC's

sales to GEO can be considered circumstantial evidence, indicating that Defendants

also solicited and began selling to other customers of SSI.   Therefore, we grant

Defendants' motion to bar evidence of damages from sales to GEO and deny the

motion to bar evidence that Harvey or FMC solicited GEO while working for SSI.

## VIII.  Trade Secrets

Defendants move to bar evidence showing that Defendants improperly used

SSI's trade secrets.  Defendants contend that SSI filed a second amended complaint

in this case and withdrew its claim that Defendants improperly used SSI's trade

secrets.  However, as SSI points out, such evidence regarding the misuse of

confidential information by Defendants is circumstantial evidence that could support

SSI's remaining claims.  Therefore, we deny Defendants' motion to bar evidence

showing that Defendants improperly used SSI's trade secrets.


IX.  Discussion with Chris Albert

Defendants move to bar evidence that indicates that Chris Albert and Harvey

discussed starting another company at one time.  Defendants contend that such

evidence is irrelevant and is hearsay.  SSI indicates that it does not intend to

introduce such evidence.  (Ans. 11).  Therefore, we deny as moot Defendants'

motion to bar evidence that indicates that Chris Albert and Harvey discussed starting

another company at one time.


X.  Purchase of House

Defendants move to bar evidence that SSI loaned Harvey money to purchase a

house.  Defendants contend that SSI will seek to introduce such evidence to

improperly insinuate that Harvey was attempting to hide assets during his divorce.

SSI indicates that it will not attempt to convey any such impression to the jury.  SSI

indicates that it will introduce evidence concerning the purchase of the house to show

that SSI fully supported Harvey and took a long-term view of his employment.  The

evidence concerning the purchase of the house is thus relevant and Defendants have

not shown that it would be overly prejudicial.  Therefore, we deny Defendants'

motion to bar evidence that SSI loaned Harvey money to purchase a house.

XI.  Confidentiality Agreement and Confidential Information

Defendants move to bar evidence that Harvey signed a confidentiality agreement with SSI or that Harvey improperly used SSI's confidential information. Defendants contend that SSI, in filing its second amended complaint, dropped all claims that Defendants improperly used SSI's confidential information.  However, SSI correctly points out that although it is not bringing a trade secrets claim, such evidence relating to confidential information is relevant circumstantial evidence that could support the remaining claims.  For example, such evidence could be presented to show that Harvey improperly used SSI's confidential information to steal its customers.  Therefore, we deny Defendants' motion to bar evidence that Harvey signed a confidentiality agreement with SSI or that Harvey improperly used SSI's confidential information.

XII.  John Sammons

Defendants move to bar SSI from introducing John Sammons ("Sammons") as a witness since he was not disclosed in a timely fashion.  Pursuant to Federal Rule of Civil Procedure 26(a)(3), a party is required to provide the opposing party with the name of each expected witness, except for witnesses that the party anticipates will solely be used for impeachment purposes.  Fed. R. Civ. P. 26(a)(3).

In the instant action, Defendants contend that the discovery deadline for disclosing witnesses was December 21, 2007, and SSI never listed Sammons as a witness, until 8 months after the discovery deadline and Defendants never deposed

8

Sammons during the discovery period.  SSI argues that Defendants were aware at an earlier juncture that Sammons had potential relevant knowledge for this case and that it is no surprise to Defendants that Sammons could testify.  However, SSI has failed to offer sufficient justification for not complying with this court's discovery deadline and for not notifying Defendants sooner of the intention to call Sammons as a witness.  Nor has SSI shown that Defendants were not prejudiced by the untimely disclosure.  The mere fact that Defendants may have known at some earlier juncture that Sammons had potential relevant knowledge, was not sufficient to expect Defendants to anticipate that Sammons might testify at trial and devote resources to conducting discovery relating to Sammons.  Therefore, we grant Defendants' motion to bar SSI from presenting Sammons as a witness.

XIII. Evidence Relating to Bribery Charges

Defendants move to bar the introduction of evidence relating to bribery charges brought against Bob Austin ("Austin") and Mid-America.  On November 18, 2008, we granted SSI's motion for leave to take a supplemental deposition of Austin concerning bribery charges brought against Austin and Mid-America that SSI contended it recently discovered.  Federal Rule of Evidence 608(b)("Rule 608(b)") permits the cross-examination of a witness as to "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness," as long as the instances are "probative of truthfulness or untruthfulness," and are not overly prejudicial as compared to their probative value.

Fed. R. Evid. 608(b); *United States v. Seymour*, 472 F.3d 969, 971 (7th Cir. 2007).

Defendants argue that SSI should not be allowed to introduce tangential evidence

such as details concerning occasions when Austin took the Sheriff of Potter County,

Texas to dinner. We agree that the tangential matters and the bulk of the documents

that SSI seeks to introduce are inappropriate. SSI will be allowed to ask Austin if he

was convicted of any crime and, if so, what crime and SSI will not be allowed to ask

further questions relating to the details of the conviction, which has no direct bearing

on central issues in this case. With this limitation on the introduction of information

concerning the conviction, the information would not be overly prejudicial to

Defendants.

Defendants also contend that the bribery charges are not probative of Austin's

truthfulness or untruthfulness. We disagree. Austin was convicted of giving a gift to

a public official and such information is related to the honesty of an individual who

is introduced as a witness.

Defendants also argue that SSI should not be allowed to introduce evidence

that Mid-America was convicted of felony bribery. However, such a conviction

relates to the truthfulness or untruthfulness of the entity's representatives, would not

be overly prejudicial, and is admissible under Rule 608(b). The Seventh Circuit has

made clear that "[b]ribery is probative of a witness' character for truthfulness or

untruthfulness and is a permissible area of inquiry under Rule 608(b)." *United States*

*v. Wilson*, 985 F.2d 348, 352 (7th Cir. 1993). As in the case of the limitations

relating to the questioning of Austin as to his conviction, the questioning relating to

Mid-America's conviction will be limited to inquiring into whether the company was convicted of a crime and, if so, what crime. Therefore, we grant in part and deny in part the motion to bar evidence relating to the convictions of Austin and Mid-America.

**CONCLUSION**

Based on the foregoing analysis we grant the following: (1) Defendants' motion to bar evidence relating to sales from FMC LLC, (2) Defendants' motion to bar any evidence indicating that Defendants failed to produce some evidence during discovery, (3) Defendants' motion to bar evidence of damages from sales to GEO, and (4) Defendants' motion to bar SSI from presenting Sammons as a witness. We also deny the following: (1) Defendants' motion to bar evidence relating to Schwartz's prior bankruptcy, (2) Defendants' motion to bar evidence that would show that Schwartz was previously accused of using another company's bake mixes, (3) Defendants' motion to bar evidence relating to the salary of Harvey, FMC employees, and Defendants' witnesses, (4) Defendants' motion to bar evidence showing that Defendants improperly used SSI's trade secrets, (5) Defendants' motion to bar evidence that SSI loaned Harvey money to purchase a house, (6) Defendants' motion to bar evidence that Harvey signed a confidentiality agreement with SSI or that Harvey improperly used SSI confidential information, and (7) Defendants' motion to bar evidence that Harvey or FMC solicited GEO while working for SSI. We grant in part and deny in part Defendants' motion to bar evidence relating to the

11

convictions of Austin and Mid-America.  Finally, we deny as moot Defendants'

motion to bar SSI from introducing evidence in the form of thematic clips and

Defendants' motion to bar evidence that indicates that Chris Albert and Harvey

discussed starting another company at one time.


_____

Samuel Der-Yeghiayan
United States District Court Judge


Dated:   December 3, 2008